NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4040
_____

MITCHELL PARTNERS, L.P.
                    Appellant

v.

IREX CORPORATION; NORTH LIME HOLDINGS CORP.;
W. KIRK LIDDELL; DAVID C. KLEINMAN; PAUL J. ISAAC;
JOANN M. JUDGE; MICHAEL J. LARDNER; JOHN O. SHIRK;
THOMAS W. WOLF; LORI A. PICKELL; JAMES E. HIPOLIT;
JANEE. PINKERTON; KENNETH G. STOUDT;
N. THOMPSON WASHBURN
_____

No. 10-4091
_____

MITCHELL PARTNERS, L.P.

v.

IREX CORPORATION; NORTH LIME HOLDINGS CORP.;
W. KIRK LIDDELL; DAVID C. KLEINMAMN; PAUL J. ISAAC;
JOANN M. JUDGE; MICHAEL J. LARDNER; JOHN O. SHIRK;
THOMAS W. WOLF; LORI A. PICKELL; JAMES E. HIPOLIT;
JANE E. PINKERTON; KENNETH G.STOUDT;
N. THOMPSON WASHBURN,
                    Appellants
_____

On Petition for Review of an Order of the United
States District Court for the Eastern District of Pennsylvania
(D.C. No. 5-08-cv-4814)
District Judge:  Honorable James K. Gardner

Argued July 12, 2011

Before: SLOVITER, FUENTES and GARTH, *Circuit Judges*.

_____

JUDGMENT ORDER
_____

It appearing that:

On October 8, 2008, the plaintiff-appellant Mitchell Partners, L.P., a minority shareholder of Irex Corp., brought an action in the Eastern District of Pennsylvania alleging, among other things, breach of fiduciary duty and unjust enrichment against the defendants-appellees Irex Corp., North Lime Holdings Corp., and a number of individuals. The Mitchell Partners complaint described a disputed acquisition of Irex Corp. by North Lime, which Mitchell Partners claimed "squeezed them out." Mitchell Partners sought, *inter alia*, compensatory damages arising from its breach of fiduciary duty claims as well as disgorgement of any amount by which the defendants had been unjustly enriched. Mitchell Partners pursued these remedies in the United States District Court for the Eastern District of Pennsylvania in addition to pursuing, in state court, any compensation to which it might be entitled through a statutory appraisal proceeding.

The District Court dismissed Mitchell Partners' claim as not stating a cause of action, holding that, pursuant to 15 Pa. Cons. Stat. § 1105, a statutory appraisal provided the only available remedy. Section 1105 provides:

> A shareholder of a business corporation shall not have any right to obtain, in the absence of fraud or fundamental unfairness, an injunction against any proposed plan or amendment of articles authorized under any provision of this subpart, nor any right to claim the right to valuation and payment of the fair value of his shares because of the plan or amendment, except that he

2

may dissent and claim such payment if and to the extent provided in Subchapter D of Chapter 15 (relating to dissenters rights) where this subpart expressly provides that dissenting shareholders shall have the rights and remedies provided in that subchapter. Absent fraud or fundamental unfairness, the rights and remedies so provided shall be exclusive. Structuring a plan or transaction for the purpose or with the effect of eliminating or avoiding the application of dissenters rights is not fraud or fundamental unfairness within the meaning of this section.

(Footnote omitted.) The District Court further noted that in In re Jones & Laughlin Steel Corp., 488 Pa. 524, 533, 412 A.2d 1099, 1104 (1980), "the Supreme Court of Pennsylvania clearly stated that post-merger remedies are limited to the appraisal of the fair market value of their stock." Mitchell Partners, L.P. v. Irex Corp., No. 08-CV-04814, 2010 WL 3825719, at *5 (E.D. Pa. Sept. 29, 2010).

We reversed that decision by a divided opinion. A Petition for panel rehearing was thereafter filed and granted. That Petition led to the certification[1] of the following question to the Pennsylvania Supreme Court:

Does [§ 1105], providing for appraisal of the value of the shares of minority shareholders who are "squeezed out" in a cash-out merger preclude all

_____

[1] Our Court's Local Rule 110.1, "Certification of Questions of State Law," provides:
When the procedures of the highest court of a state provide for certification to that court by a federal court of questions arising under the laws of that state which will control the outcome of a case pending in the federal court, this court, sua sponte or on motion of a party, may certify such a question to the state court in accordance with the procedures of that court, and will stay the case in this court to await the state court's decision whether to accept the question certified. The certification will be made after the briefs are filed in this court. A motion for certification shall be included in the moving party's brief.
3d Cir. L.A.R. 110.1 (2011). See also 210 Pa. Code § 63.10 (2007) for certification of a question arising under the laws of Pennsylvania.

other *post-merger* remedies including claims of fraud, breach of fiduciary duty, and other common law claims.

(Emphasis added.)

The Pennsylvania Supreme Court accepted this court's Petition and, on July 24, 2012, answered the certified question by holding that <u>Jones</u> is not controlling in the context of the present action; <u>Mitchell Partners, L.P. v. Irex Corp.</u>, No. 13 EAP 2012, 2012 WL 3007224, at *6 (Pa. July 24, 2012); and that § 1105 permits post-merger damage actions sounding in fraud or fundamental unfairness. <u>Id</u>. at *8.

The holding of the Pennsylvania Supreme Court, representing the substantive law of Pennsylvania, mandates that we reverse the District Court and remand this proceeding to the District Court for the Eastern District of Pennsylvania for further proceedings, including discovery and adjudication on the merits, consistent with the Pennsylvania Supreme Court's answer to our certified question.

It is therefore ORDERED and ADJUDGED that that the judgment of the District Court entered September 29, 2010, dismissing Mitchell Partners' complaint be and the same is hereby reversed and remanded for further proceedings consistent with the Pennsylvania Supreme Court's opinion and answer to our certified question dated July 24, 2012. No costs to be taxed.

BY THE COURT:


/s/ Leonard I. Garth
United States Circuit Judge



ATTEST:


/s/Marcia M. Waldron,
Clerk



DATED: September 19, 2012